**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PEDRO BARREY, | No. CV-09-00573-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| OCWEN LOAN SERVICING, LLC; BANK OF AMERICA, N.A., | |
| Defendants. | |

Pending before the Court is the request for attorneys' fees of Defendant Bank of America, N.A. (Dkt. # 15.) For the following reasons, the Court grants the request.

## BACKGROUND

In this case, Plaintiff Pedro Barrey brought a "complaint to renegotiate mortgage" against Defendants Ocwen Loan Servicing, LLC and Bank of America in the Maricopa County Superior Court. (Dkt. # 1 Ex. A.) The Complaint asserts that because the Emergency Economic Stabilization Act of 2008 resulted in "bailout" funds being given to various banks and financial institutions, those institutions have an "obligation to negotiate with the Plaintiff in an endeavor to achieve a reorganization of the Plaintiff's home mortgage." (*Id.*) At the bottom of the Complaint, Plaintiff states that the Complaint was prepared by Ms. Rae Heimer, a certified document preparer, and that "the document preparer has only provided a typing service" and "has provided no legal advice to [] Plaintiff." (*Id.*)

The case was removed to this Court (Dkt. # 1), and upon Bank of America's motion the Court dismissed the Complaint for failing to plead a cognizable legal theory (Dkt. # 12). Bank of America has since pointed out that Ms. Heimer has been the certified document preparer on several other, virtually identical complaints, all of which have been dismissed on the ground that they fail to state any cognizable cause of action. (*See* Dkt. # 15 Ex. A, C, E.)

In light of these facts, Bank of America asserts that the Court should assess attorneys' fees in this matter against Ms. Heimer. (Dkt. # 15.) Ms. Heimer has filed two memoranda in response to Bank of America's motion, in which she attempts to explain her actions. In those memoranda, Ms. Heimer states that her complaints are not frivolous because "Congress gave billions of dollars to Bank of America" (Dkt. # 17 at 6), and she further asserts that "[her] complaints are merely requesting that the courts enforce public policy by requiring mortgage companies to meet with the homeowner in an effort to prevent the home foreclosure" (Dkt. # 20 at 3). She ultimately concedes that "[her] thought and emotions probably have no foundation in law." (Dkt. # 17 at 10.)

The Court ordered a hearing on the matter, which was conducted on June 11, 2009. Both Ms. Heimer and her husband, Duane Varbel, appeared.[1] The Court questioned Ms. Heimer about the extent of her involvement in the drafting of the Complaint and the extent to which she believes the complaints she has filed state cognizable legal theories. Ms. Heimer admitted that she developed the legal theories in the complaints in conjunction with several other people, whom she declined to identify. The Court explained the prohibition on providing legal services as spelled out in the Arizona Code of Judicial Administration, § 7-208(J)(5), and Ms. Heimer acknowledged that she understood that section. Ms. Heimer further admitted at the hearing that the complaints were filed merely in an attempt to coerce the defendants to negotiate with the plaintiffs, and the complaints were not seeking to

---

[1] At the hearing, Mr. Varbel moved that the Court permit him to intervene in this matter as to the attorneys' fees request in order to defend the marital community. The Court granted the motion, and allowed Mr. Varbel to be heard.

advance any arguable legal claim. Finally, Ms. Heimer has admitted that she charges her clients $844 for these complaints (not including filing or service fees). (Dkt. # 17 at 5; *see also* Dkt. # 15 Ex. L, M.) Given Ms. Heimer's admissions, the Court made a number of findings at the hearing. This Order memorializes those findings and grants Bank of America's request for attorneys' fees.

## DISCUSSION

"[E]ven in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power[2] to impose sanctions to curb abusive litigation practices." *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994). "In addition, a court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses." *Id.*; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991) (affirming a district court's imposition of sanctions on an individual for conduct before other tribunals that constituted abuse of process, even though the individual was not a party at the time he committed the abuse of process and thus was beyond the reach of the federal rules). "A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Chambers*, 501 U.S. at 50.[3]

In these circumstances, an award of attorneys' fees is appropriate because Ms. Heimer has engaged in abusive litigation practices and has caused the parties to incur unnecessary expenses. Ms. Heimer has admitted that these complaints have no basis in law, that she knows they have no such basis, and that she has advanced the complaints merely to force various financial institutions into meeting with her clients. Ms. Heimer has further admitted

---

[2]"The inherent powers of federal courts are those which are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (internal quotation omitted).

[3]The Court has provided Ms. Heimer with notice and an opportunity to be heard, both orally and in writing, on all aspects of Bank of America's request for attorneys' fees.

that she did more than "only provide[] a typing service," as the Complaint contends (Dkt. # 1 Ex. A), and that she was actively involved in rendering legal advice and services on which her clients relied. Ms. Heimer has done so not only in violation of section 7-208(J)(5) of the Arizona Code of Judicial Administration, but also in violation of Local Rule of Civil Procedure 83.1(b), which provides that "only members of the bar of this Court shall practice in this District." Ms. Heimer's knowing violation of these rules, and knowing inducement of her clients to file complaints that have no chance of success (at the total cost of around $1200 when filing and service fees are included), demonstrates that Ms. Heimer has acted in bad faith.[4] Under these circumstances, the appropriate and minimally-sufficient sanction is to award Bank of America the fees and costs it unnecessarily incurred.

Bank of America has requested $2,963.20 in attorneys' fees and $274.00 in costs. (Dkt. # 15 at 2.) The Court gave Ms. Heimer an opportunity to contest those amounts. Ms. Heimer filed an objection, but she did not contest the amounts claimed. (Dkt. # 23.) Rather, she merely makes arguments outside the scope of what the Court provided at the hearing and that the Court has already rejected in any event. (*See id.*) Upon consideration the Court will award $1,500.00 in fees and $274.00 in costs to Bank of America.

---

[4]The Court recognizes that Ms. Heimer may believe that she is simply trying to help homeowners to avoid foreclosure. Nor does the Court wish Ms. Heimer to infer that a finding of bad faith in this context is meant to imply that she is a "bad person." The Court's determination is simply this: Ms. Heimer has knowingly and repeatedly caused a number of plaintiffs to rely on legal services she was not permitted to provide in filing complaints that have no chance of success. The end result of these cases is that legally speaking the plaintiffs are in no different position than before with respect to their mortgages, except that they are roughly $1,200.00 poorer. Moreover, the defendant financial institutions have been obliged to incur the legal fees necessary to obtain dismissal of the meritless actions. Whatever Ms. Heimer's intentions may be, her conduct amounts to "bad faith" in the legal sense of that term necessary to impose an attorneys' fee award in this case.

**IT IS THEREFORE ORDERED** that Ms. Rae Heimer shall pay Bank of America $1,500.00 for its attorneys' fees and $274.00 for its costs incurred in defending this litigation.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to mail a copy of this Order to Ms. Rae Heimer.

DATED this 2nd day of July, 2009.

_____
G. Murray Snow
United States District Judge